UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

Brunswick Division

Leonard Darby

vs

Kathleen Hawk-Sawyer

CASE NUMBER CV203-166

**ORDER**

The Judgment of this Court in the above entitled action having been affirmed by the U. S. Court of Appeals;

IT IS HEREBY ORDERED that the Judgment of the Eleventh Circuit, U. S. Court of Appeals, is made the judgment of this court.

This 16th day of May, 2005.

UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF GEORGIA

# United States Court of Appeals

For the Eleventh Circuit

No. 04-13388

District Court Docket No.
03-00166-CV-2

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Feb 8, 2005
THOMAS K. KAHN
CLERK

LEONARD DARBY,

        Petitioner-Appellant,

versus

KATHLEEN HAWK-SAWYER,

        Respondent-Appellee.

---

Appeal from the United States District Court
for the Southern District of Georgia

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: February 8, 2005
For the Court: Thomas K. Kahn, Clerk
By: Gilman, Nancy

ISSUED AS MANDATE
MAY 0 9 2005
U.S. COURT OF APPEALS
ATLANTA, GA.

Leonard DARBY, Petitioner-Appellant,

v.

Kathleen HAWK-SAWYER Respondent-Appellee.

No. 04-13388

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Feb. 8, 2005.

**Background:** Jamaican national who had been convicted of conspiracy to possess with intent to distribute cocaine base filed petition for habeas relief. The United States District Court for the Southern District of Georgia, No. 03-00166-CV-2, Anthony A. Alaimo, J., entered order dismissing petition, and petitioner appealed.

**Holdings:** The Court of Appeals held that:

(1) "savings" clause of federal statute governing motions to vacate, set aside or correct sentence did not open portal to use of habeas petition for collateral attack on validity of his sentence by federal prisoner who had previously moved unsuccessfully to vacate his sentence; and

(2) even assuming that the Vienna Convention on Consular Relations (VCCR) conferred upon Jamaican citizen an individual right to contact Jamaican consulate after his arrest, and even assuming that habeas statute might provide him with vehicle to challenge this violation of his rights under the VCCR, Jamaican citizen was not entitled to relief, absent any allegation that this lack of contact with Jamaican consulate had affected his trial.

Affirmed.

**1. Habeas Corpus ☞842**

Availability of habeas relief to federal prisoner was question of law, a district court's conclusion on which would be reviewed de novo. 28 U.S.C.A. § 2241.

**2. Habeas Corpus ☞285.1**

Typically, collateral attacks on validity of federal sentence must be brought, not under habeas statute, but under separate statute governing motions to vacate, set aside or correct sentence. 28 U.S.C.A. §§ 2241, 2255.

**3. Criminal Law ☞1668(3)**

When federal prisoner has previously filed a motion to vacate, set aside or correct sentence, he must apply for and receive permission from the Court of Appeals prior to filing successive motion for such relief. 28 U.S.C.A. § 2255.

**4. Habeas Corpus ☞285.1**

Federal prisoner who has previously filed unsuccessful motion to vacate, set aside or correct sentence may not circumvent successive motion restrictions imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) simply by petitioning for habeas relief; successive motion restrictions do not, standing alone, render motion to vacate, set aside or correct sentence "inadequate or ineffective," within meaning of "savings" clause of federal statute governing motions for such relief. 28 U.S.C.A. §§ 2241, 2255.

**5. Habeas Corpus ☞285.1**

"Savings" clause of federal statute governing motions to vacate, set aside or correct sentence opens portal to use of habeas peti-

Synopsis, Headnotes and Key Number Classification
COPYRIGHT © 2005 by West, a Thomson business

The Synopsis, Headnotes and Key Number Classification constitute no part of the opinion of the court.


tion to collaterally attack validity of federal sentence when: (1) federal prisoner's claim is based on retroactively applicable Supreme Court decision; (2) holding of that Supreme Court decision establishes that prisoner was convicted for nonexistent offense; and (3) circuit law squarely foreclosed such a claim at time that it otherwise should have been raised. 28 U.S.C.A. §§ 2241, 2255.

**6. Habeas Corpus ⟬285.1**

For "savings" clause of federal statute governing motions to vacate, set aside or correct sentence to open portal to use of habeas petition to collaterally attack validity of federal sentence, on theory that petitioner was convicted of non-existent offense, petitioner must show that he was imprisoned for conduct that was not prohibited. 28 U.S.C.A. §§ 2241, 2255.

**7. Habeas Corpus ⟬285.1**

"Savings" clause of federal statute governing motions to vacate, set aside or correct sentence did not open portal to use of habeas petition for collateral attack on validity of his sentence by federal prisoner who had previously moved unsuccessfully to vacate his sentence; even assuming that habeas petition was not attempt to circumvent restrictions imposed by Antiterrorism and Effective Death Penalty Act (AEDPA) on use of successive motions to vacate, prisoner's petition, which was grounded on fact that he was Jamaican citizen and was not given opportunity to contact Jamaican consulate after his arrest, was not based on retroactively applicable Supreme Court decision and did not show that he was imprisoned for conduct that was not prohibited, as required for relief under "savings" clause. 28 U.S.C.A. §§ 2241, 2255.

**8. Habeas Corpus ⟬490(3)**

Even assuming that the Vienna Convention on Consular Relations (VCCR) conferred upon Jamaican citizen an individual right to contact Jamaican consulate after his arrest, and even assuming that, based on fact that habeas statute extended to prisoners held in custody in "violation of the Constitution or laws or treaties of the United States," the habeas statute might provide Jamaican citizen with vehicle to challenge this violation of his rights under the VCCR, Jamaican citizen was not entitled to relief, absent any allegation that this lack of contact with Jamaican consulate had affected his trial. 28 U.S.C.A. § 2241.

---

Appeal from the United States District Court for the Southern District of Georgia.

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Leonard Darby, a Jamaican citizen serving a life sentence for conspiracy to possess with intent to distribute cocaine base, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Darby claimed he was not given an opportunity to contact the Jamaican consulate after his arrest, in violation of Article 36 of the Vienna Convention on Consular Relations (VCCR), Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261, and the Fifth Amendment of the U.S. Constitution. The district court denied the petition because the claim did not satisfy the requirements of the savings clause in 28 U.S.C. § 2255, such that Darby could file his claim in a § 2241 petition. Darby asserts the district court erred in dismissing his § 2241 petition because: (1) his habeas petition was proper under 28

U.S.C. § 2241 because the jurisdictional language of § 2241 specifically includes alleged violations of "treaties of the United States," while § 2255 does not contain such a provision; and (2) the VCCR confers an individual right to consular assistance. The district court did not err, and we affirm.

## I. DISCUSSION

[1-3] The availability of habeas relief under § 2241 presents a question of law we review de novo. *Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir.2000). Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255. *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir.1990). When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from us before filing a successive § 2255 motion. *In re Blackshire*, 98 F.3d 1293, 1293 (11th Cir. 1996).

### A. *The "Savings Clause" of 28 U.S.C. § 2255*

[4-6] The "savings clause" of § 2255 permits a prisoner to file a § 2241 petition only if an otherwise available remedy under § 2255 is "inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255. The Antiterrorism and Effective Death Penalty Act's (AEDPA's), Pub. L. No. 104-132, 110 Stat. 1214 (1996), restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause, and, consequently, a petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241. *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir.1999). The savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised." *Id.* at 1244. To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited. *Sawyer v. Holder*, 326 F.3d 1363, 1366 (11th Cir.2003).

[7] Here, Darby's § 2241 petition was an attempt to circumvent the AEDPA's restrictions on successive § 2255 motions. Darby filed a previous § 2255 motion, which the district court denied with prejudice. Furthermore, before filing this § 2241 petition, Darby filed an application for leave to file a successive § 2255 motion, and we denied his application. A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241. *Wofford*, 177 F.3d at 1245.

Even if Darby's § 2241 petition was not an attempt to circumvent the AEDPA, the district court did not err in dismissing the petition because Darby cannot meet the three-part *Wofford* test to "open a portal" to a § 2241 proceeding. Darby's claim he was not allowed access to the Jamaican consulate is based on an allegation the VCCR confers such an individual right. However, this claim does not meet any of the requirements of the *Wofford* test. Darby's claim is not based on a retroactively applicable Supreme Court decision, and he did not show he was imprisoned for conduct that was not prohibited. *See Sawyer*, 326 F.3d at 1366. Accordingly, Darby is not entitled to relief under the "savings clause" of 28 U.S.C. § 2255.

B. *Exclusive Relief Pursuant to 28 U.S.C. § 2241*

[8] Section 2241 provides "[t]he writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or *treaties* of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). On the other hand, § 2255 provides relief for federal prisoners on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Section 2255 does not reference treaty violations.

The U.S. Supreme Court has noted "[t]he Vienna Convention ... *arguably* confers on an individual the right to consular assistance following arrest." *Breard v. Greene*, 523 U.S. 371, 118 S.Ct. 1352, 1355, 140 L.Ed.2d 529 (1998) (emphasis added). However, the Supreme Court also pointed out "[e]ven were [such claims] properly raised and proved, it is extremely doubtful that the violation should result in the overturning of a final judgment of conviction without some showing that the violation had an effect on the trial." *Id.*

We need not decide whether § 2241 provides an exclusive remedy or whether the VCCR confers individual rights in order to resolve this case. Assuming *arguendo* that § 2241 applies based on the inclusion of language concerning "treaties" and the VCCR confers an individual right to consular assistance, Darby failed to show the alleged VCCR violation had a prejudicial effect on his trial. *See Breard*, 118 S.Ct. at 1355. Although Darby claimed he was denied the opportunity to contact the Jamaican consulate following his arrest, he did not allege his lack of contact with the consulate affected his trial. Accordingly, Darby is not entitled to relief under 28 U.S.C. § 2241.

II. CONCLUSION

The district court did not err in dismissing Darby's § 2241 petition.

AFFIRMED.

A True Copy - Attested
Clerk, U.S. Court of Appeals,
Eleventh Circuit

By: Deputy Clerk
Atlanta, Georgia

U.S. Court of Appeals, Eleventh Circuit—West, a Thomson business, Saint Paul, Minn.

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn
Clerk

For rules and forms visit
www.ca11.uscourts.gov

May 09, 2005

Scott L. Poff
Clerk, U.S. District Court
801 GLOUCESTER ST RM 229
BRUNSWICK GA 31521-7075

**Appeal Number: 04-13388-DD**
Case Style: Leonard Darby v. Kathleen Hawk-Sawyer
District Court Number: 03-00166 CV-2

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original record on appeal or review, consisting of: one volume

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (03-2004)

Scott L. Poff
Clerk, U.S. District Court
801 GLOUCESTER ST RM 229
BRUNSWICK GA 31521-7075

May 09, 2005

**Appeal Number: 04-13388-DD**
Case Style: Leonard Darby v. Kathleen Hawk-Sawyer
District Court Number: 03-00166 CV-2

TO:  Scott L. Poff

CC:  Mark J. Kadish

CC:  Edmund A. Booth, Jr.

CC:  Delora L. Kennebrew

CC:  Administrative File

# United States District Court
## *Southern District of Georgia*

ATTORNEYS SERVED:

M. Kadish
D. Kennebrew

CASE NO: CV203-166
DATE SERVED: 5/18/05
SERVED BY: slt

☐ Copy placed in Minutes
☑ Copy given to Judge
☐ Copy given to Magistrate